Jeremy L. Bordelon, OSB No. 160789
jeremy@evergreendisability.com
Evergreen Disability Law
465 Northeast 181st Ave., No. 500
Portland, Oregon 97230
(503) 888-9331

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| EMMA CONNOR, | Civil No. 3:25-cv-01836 |
| Plaintiff, | |
| v. | COMPLAINT FOR ERISA BENEFITS |
| META PLATFORMS, INC. HEALTH AND WELFARE BENEFIT PLAN, | |
| Defendant. | |

Plaintiff, Emma Connor, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to provide health benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject benefit plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, the plan's appeals have been deemed exhausted by operation of the ERISA regulations, due to Defendant's failure to issue a timely decision on Plaintiff's appeal. This matter is now properly before this Court for judicial review.

3. Venue is proper within the District of Oregon pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place. Specifically, Plaintiff resided in this district at the time defendant failed to provide benefits due to her.

## PARTIES

4. Plaintiff, Emma Connor (hereinafter, "Ms. Connor" or "Plaintiff"), is currently and was at all times relevant to this case a resident of Portland, Multnomah County, Oregon.

5. Defendant Meta Platforms, Inc. Health and Welfare Benefit Plan ("the Meta Health Plan" or "Defendant"), is an ERISA welfare benefits plan sponsored by Meta Platforms Inc., and administered by the Meta Platforms, Inc. Health and Welfare Committee. The Meta Health Plan may be served by and through the Plan Administrator at its business address of 1 Hacker Way, Menlo Park, California, 94025.

## FACTS

6. Plaintiff is employed by Meta Platforms, Inc.

7. By virtue of her employment and enrollment, Plaintiff is covered under the Meta Health Plan.

8. The provision of group health coverage to employees of Meta Platforms, Inc. constitutes an ERISA welfare benefit plan ("Plan").

9. All benefits provided under the Meta Health Plan are paid from the general assets of employer and plan sponsor Meta Platforms, Inc.

10. On June 11, 2025, while covered under the Meta Health Plan, plaintiff submitted a pre-authorization request for gender-affirming surgical procedures, including clavicle shortening, scapular spine shaving, and rib remodeling.

11. The requested services are covered under the Meta Health Plan.

12. The Meta Health Plan document includes a section titled "Transgender Services," which provides a broad scope of surgical and non-surgical care when claimants meet stated requirements.

13. The Meta Health Plan document states that "Covered Expenses include charges in connection with Medically Necessary Gender Affirmation." Such expenses "include but are not limited to... reconstructive and complementary procedures for body and face feminization and masculinization."

14. The Meta Health Plan document also includes a section describing exactly what criteria a claimant must meet and show in a pre-determination request to qualify for such "reconstructive and complementary procedures," which are: 1) persistent, well-documented gender dysphoria, 2) capacity to make a fully-informed decision and consent to treatment, and 3) if significant medical or mental health concerns are present, they must be reasonably well-controlled.

15. Plaintiff's pre-determination request was submitted for the plaintiff by her surgeon, Leif Rogers, MD, and supported with a letter by plaintiff's counselor, Ashley

PLAINTIFF'S COMPLAINT 3

McQuown, LMHC, supporting the plaintiff's need for these surgeries and addressing all of the criteria stated in the Meta Health Plan document.

16. Plaintiff's pre-determination request was submitted to Meritain Health, the claims administrator for the Meta Health Plan, using a form provided by Meritain Health.

17. On June 18, 2025, Meritain Health denied Plaintiff's pre-determination request.

18. The entire explanation of the denial of Plaintiff's pre-determination request stated in Meritain Health's letter was as follows: "Procedures are not listed as covered services. Reference: Group Specific Plan Language." The actual plan language being referenced was not included with the denial letter.

19. Meritain Health's denial letter was not actually provided to the Plaintiff herself. It was sent only to her surgeon.

20. This denial letter did not comply with the requirements of the ERISA claims regulations, which state that the decision must be provided to the claimant, and shall state the specific reasons for the denial, include reference to the specific plan provisions on which the determination is based, describe what additional information is necessary to perfect an appeal, describe the Plan's appeal procedures and the time limits applicable to such procedures, and other requirements. 29 C.F.R. § 2560.503-1(g).

21. The denial letter's failure to comply with these requirements constitutes a failure to establish and follow reasonable claims procedures, as defined by the ERISA regulations. *Id.* at para. (b).

22. On August 6th, Plaintiff learned from her surgeon, Dr. Rogers, that Meritain Health had denied the pre-determination claim.

23. On August 7th, Plaintiff called Meritain Health and asked why the claim was denied. The agent answering the call stated that she could not tell Plaintiff why the claim was denied.

24. On August 8th, Plaintiff called Meritain Health again and asked if she could appeal the denial. The agent answering the phone told Plaintiff that she had "no right to appeal."

25. Later the same day, August 8th, Dr. Rogers provided Plaintiff with a copy of the denial letter, and submitted an appeal on her behalf.

26. Plaintiff's appeal of Meritain Health's denial was submitted on August 8, 2025, by her surgeon, Dr. Rogers.

27. On August 13th, Plaintiff called Meritain Health and pointed out the policy language quoted above that grants coverage for the requested procedures, and requested that this be noted and considered as part of her appeal. The agent answering the phone assured plaintiff this would be noted in the claim record and considered.

28. The ERISA regulations and the Meta Health Plan document state that in the case of denied pre-service claims, a decision on an appeal will be made and communicated to the claimant no later than 15 days after the Plan receives the appeal.

29. By August 23rd, 15 days from the Plan's receipt of her appeal, Plaintiff had not received a decision on her appeal.

30. On August 25th, Plaintiff called Meritain Health and requested a decision on her appeal. The agent on the phone stated that she "should" receive one by email within 24 hours.

31. On August 26th, Plaintiff called Meritain Health and pointed out that the administrator was past its deadline to decide her appeal. The phone agent stated that the appeal deadline was actually "15 business days," and that the the time to decide the appeal only starts when the administrator "enters the appeal into their system." The agent stated the appeal was entered into their system on August 11th, that Meritain had not begun to consider her appeal, and that the appeal would likely not be considered at all. The agent indicated that Meritain would not be conducting a new medical review on Plaintiff's appeal, and that it would likely be denied for the same reason as the original denial.

32. On September 2nd, Plaintiff called Meritain Health and was told that the deadline for an appeal decision was actually 30 days, and that her appeal had been logged into Meritain's system on August 14th.

33. The appeal decision was due on August 23rd, 2025, 15 calendar days after the administrator received Plaintiff's appeal.

34. Even if Meritain Health's phone agents were correct about the appeal deadline, as of the date of this Complaint Plaintiff still has not received a decision on her appeal. It has now been more than 15 business days and more than 30 calendar days from the date of Plaintiff's appeal, as well as from August 14th, the latest date on which Meritain claimed to have "logged" Plaintiff's appeal into their system.

35. Under any actual or claimed definition of the appeal deadline, the appeal decision is now late.

36. The ERISA claims regulations, at 29 C.F.R. § 2560.503-1(l), state that:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and

PLAINTIFF'S COMPLAINT                             6

shall be entitled to pursue any available remedies under section 502(a) of the Act...

37. Failure to issue an ERISA-compliant decision on Plaintiff's original claim constitutes a failure to establish or follow claims procedures consistent with the ERISA regulations.

38. Failure to issue a timely decision on Plaintiff's appeal constitutes a failure to establish or follow claims procedures consistent with the ERISA regulations.

39. Refusing to consult with "a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment" constitutes a failure to establish or follow claims procedures consistent with the ERISA regulations.

40. For these reasons, Plaintiff has elected to consider her administrative remedies under the Plan exhausted by operation of the ERISA regulations.

41. Because of the Plan's failures to follow ERISA regulations, most specifically based on its failure to issue a timely decision on Plaintiff's appeal, Plaintiff's administrative remedies are deemed exhausted by operation of the claims regulations, specifically 29 C.F.R. § 2560.503-1(l).

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

42. Under the terms of the Plan, Defendant agreed to provide Plaintiff with health benefits as stated in the Plan, including certain surgical benefits for medically necessary gender affirmation.

43. At the time her claim was made and at the present, Plaintiff is entitled to the requested surgical benefits under the terms of the Meta Health Plan.

44. Defendant failed to approve benefits due under the terms of the Plan and this denial of benefits to Plaintiff constitutes a breach of the Plan.

45. The decision to deny these benefits was wrong under the terms of the Plan.

46. The decision to deny benefits and the decision-making process was arbitrary and capricious.

47. The decision to deny benefits were not supported by substantial evidence in the record.

48. Plaintiff has been damaged as a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide the surgical benefits due to her.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant her the following relief in this case:

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in form of an approval of benefits requested under the Plan, i.e., approval of the requested surgical procedures and associated care as provided by the terms of the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Plaintiff's reasonable attorney fees and costs; and

4. Such other relief as this court deems just and proper.

Dated this 7th day of October, 2025.

Respectfully submitted,

BY: *s/Jeremy L. Bordelon*
Jeremy L. Bordelon, OSB No. 160789