**Damon Elder,** OSB No. 085313
damon.elder@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Tel:  +1.206.274.6400

**Scott L. Mullins,** OSB No. 142504
scott@slmullins.com
MULLINS LAW OFFICE LLC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Tel:  +1.971.383.1315

**Dylan Rudolph**, *pro hac vice* forthcoming
dylan.rudolph@morganlewis.com
**Thomas A. Duda**, *pro hac vice* forthcoming
thomas.duda@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA  94304
Tel:  +1.650.843.4000

*Attorneys for Defendant Meta Platforms, Inc.*
*Health and Welfare Benefit Plan*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## (PORTLAND DIVISION)

| | |
|---|---|
| **EMMA CONNOR**, <br><br> Plaintiff, <br><br> v. <br><br> **META PLATFORMS, INC. HEALTH AND WELFARE BENEFIT PLAN**, <br><br> Defendant. | Case No.: 3:25-cv-01836 <br><br> **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** <br><br> **Request for Oral Argument** |

## <u>MOTION TO DISMISS</u>

Defendant Meta Platforms, Inc. Health and Welfare Benefit Plan (the "Plan"), by and through its undersigned counsel, moves to dismiss the Complaint filed by Plaintiff Emma Connor ("Plaintiff"), with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) because Plaintiff lacks Article III standing to bring this lawsuit and has failed to state a viable claim for relief.  Pursuant to Local Civil Rule 7-1(a), counsel for the Plan made a good-faith effort to resolve the dispute through a telephonic conference with opposing counsel on November 13, 2025, but was unable to do so.

This motion is based upon the Plan's Supporting Memorandum of Law, the Declaration of Dylan D. Rudolph and Exhibits, the argument of counsel, and all the files, records, and proceedings herein.

Dated: December 8, 2025                    Respectfully submitted,

                                           */s/ Damon Elder*
                                           Damon Elder, OSB 085313
                                           damon.elder@morganlewis.com
                                           MORGAN, LEWIS & BOCKIUS LLP
                                           1301 Second Avenue, Suite 3000
                                           Seattle, WA 98101
                                           Tel:  +1.206.274.6400

                                           *Attorneys for Defendant Meta Platforms, Inc.*
                                           *Health and Welfare Benefit Plan*

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   FACTUAL BACKGROUND ........................................................................................... 2

    A.    The Plan ............................................................................................................... 2

    B.    Plaintiff's Claims ................................................................................................. 3

III.  ARGUMENT .................................................................................................................. 5

    A.    Plaintiff Lacks Article III Standing Because She Has Failed To Allege A
           Concrete Injury Or That She Has A Stake In The Outcome Of This
           Lawsuit.................................................................................................................. 5

    B.    Federal Rule 12(b)(6) Also Requires Dismissal Of Plaintiffs' Complaint
           Because She Has Failed To State A Claim Under ERISA .................................... 7

    C.    Plaintiff Has No Right Of Action Based On Alleged Violations Of
           Regulatory Claims Procedures............................................................................ 10

IV.   CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**        **PAGE(S)**

*A.H. v. Anthem Blue Cross*,
2023 WL 3819367 (N.D. Cal. June 5, 2023) ............................................................................9

*Alessi v. Raybestos-Manhattan, Inc.*,
451 U.S. 504 (1981) .................................................................................................................5

*Arborwell, LLC v. Alerus Fin., N.A.*,
2024 WL 3683337 (N.D. Cal. July 24, 2024) ..........................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................7

*Bagley v. KB Home*,
2008 WL 11340342 (C.D. Cal. Feb. 22, 2008) .........................................................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................................7

*Burns v. Thuney*,
2023 WL 8096888, at *1 (D. Or. Nov. 21, 2023) ....................................................................2

*CIGNA Corp. v. Amara*,
563 U.S. 421 (2011) .................................................................................................................9

*Cox ex rel. Cox v. Reliance Standard Life Ins. Co.*,
2013 WL 2156546 (E.D. Cal. May 17, 2013) ..........................................................................9

*Crowe v. Wogan*,
2004 WL 1900421 (D. Or. Aug. 25, 2004) ..........................................................................7, 9

*Davis v. Fed. Election Comm'n*,
554 U.S. 724 (2008) .................................................................................................................5

*Davis v. HSBC Bank Nev., N.A.*,
691 F.3d 1152 (9th Cir. 2012) .................................................................................................2

*Foss v. Alspach*,
2023 WL 6845430 (W.D. Wash. Oct. 17, 2023) .....................................................................7

*Gagliano v. Reliance Standard Life Ins. Co.*,
547 F.3d 230 (4th Cir. 2008), *cert. denied,* 556 U.S. 1268 (2009) .........................................10

*Harris v. Garber*,
2024 WL 3202435 (D. Nev. June 27, 2024) ............................................................................8

*Hutchins v. HP Inc.*,
  2025 WL 404594 (N.D. Cal. Feb. 5, 2025), *appeal docketed*, No. 25-826 (9th Cir.) ..............2

*Koman v. Reliance Standard Life Ins. Co. and Unifi, Inc.*,
  2022 WL 17607056 (M.D. N.C. Dec. 13, 2022) .....................................................................10

*Richardson v. Pension Plan of Bethlehem Steel Corp.*,
  112 F.3d 982 (9th Cir. 1997) ....................................................................................................9

*Simi Surgical Ctr., Inc v. Connecticut Gen. Life Ins. Co.*,
  2018 WL 6332285 (C.D. Cal. Jan. 4, 2018) ..............................................................................8

*Smith v. Cigna Health & Life Ins. Co.*,
  2020 WL 5834786 (D. Or. Sept. 30, 2020) ...............................................................................8

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)...................................................................................................................6

*Thole v. U. S. Bank N.A*,
  590 U.S. 538 (2020)................................................................................................................5, 6

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) .....................................................................................................2

*Wilson v. Cox*,
  2015 WL 6123776 (D. Or. Oct. 16, 2015) ................................................................................9

**OTHER AUTHORITIES**

29 C.F.R. § 2560.503-1(l)........................................................................................................2, 10

<u>SUPPORTING MEMORANDUM OF LAW</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Emma Connor ("Plaintiff") brings this lawsuit to obtain coverage for three types of gender-affirming surgical procedures—clavicle shortening, scapular spine shaving, and rib remodeling—that are not covered expenses under the Meta Platforms, Inc. Health and Welfare Benefit Plan (the "Plan"). Although the Plan offers gender-affirming services to its participants, those three particular procedures are not covered. The Plan lists the specific types of reconstructive and complementary procedures that *are* covered and contains several links to underlying medical guidelines that identify the Plan's covered services in even greater detail. None of Plaintiff's three requested procedures are included.

Nevertheless, Plaintiff asserts one claim for relief under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to obtain coverage for the three procedures. Her claim should be dismissed for several reasons:

**First**, Plaintiff has not satisfied Article III standing requirements because she has not plausibly alleged that she suffered any concrete injury or that this lawsuit would increase her benefits under the Plan such that she has a stake in the outcome of this litigation. Merely asserting that certain procedures *should* be covered without identifying any basis for that relief under the Plan's terms—particularly when it is evident from the Plan documents that those procedures are *not* covered—is not sufficient to demonstrate Article III standing.

**Second,** Plaintiff has failed to state a claim for relief under Section 502(a)(1)(B) of ERISA. Her conclusory allegations that the requested procedures should be covered based on general language in the Plan is not sufficient to meet her pleading burden. At minimum, Plaintiff must allege that she is entitled to benefits under *specific* Plan provisions, which she has not done.

That is unsurprising because the Plan lists its covered reconstructive and complementary procedures (the existence of which Plaintiff omits from her Complaint) and the three procedures that Plaintiff seeks are not included. That fact dooms her ERISA claim from the start because Plaintiff cannot recover benefits that are not owed to her under the Plan.

**Third**, to the extent Plaintiff claims she has been damaged or stated a claim for relief based on an alleged violations of the claims regulations at 29 C.F.R. § 2560.503-1(l), those allegations—baseless as they are—do not save her Complaint from dismissal because there is no private right of action for an alleged violation of 29 C.F.R. § 2560.503-1(l).

For these reasons, Plaintiff's Complaint should be dismissed with prejudice because the flaws in her pleading cannot be cured through amendment.

## II.    FACTUAL BACKGROUND

### A.    The Plan.

The Plan was amended and restated effective January 1, 2025. Declaration of Dylan D. Rudolph ("Rudolph Dec.") Ex. A at 1.[1] The Plan is a component of the broader "Wrap" Meta Platforms, Inc. Health and Welfare Plan. Rudolph Dec. Ex. B. The Plan component at issue in this case is the PPO medical benefit program, which is one of the forms of medical benefits offered to employees of Meta Platforms, Inc. ("Meta"). *Id.* at Appendix A, pp. 27-29. Meritain

---

[1] The documents attached as Exhibits A-C to the Rudolph Dec. are referenced extensively in the Complaint and form the basis for Plaintiffs' claims. *See Davis v. HSBC Bank Nev., N.A*., 691 F.3d 1152, 1160 (9th Cir. 2012) ("courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (quotations omitted); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document is properly incorporated by reference into a complaint if the plaintiff "refers extensively to the document" or the document "forms the basis of the plaintiff's claim"); *Hutchins v. HP Inc.*, 2025 WL 404594, at *3 (N.D. Cal. Feb. 5, 2025), *appeal docketed*, No. 25-826 (9th Cir.); *Burns v. Thuney*, 2023 WL 8096888, at *1 (D. Or. Nov. 21, 2023) (Simon, J.).

Health, Inc. ("Meritain"), which is a subsidiary of Aetna, Inc. ("Aetna"), administers claims under the Plan. *Id.*

The Plan contains a "Transgender Services" section that describes "Covered Expenses" under the Plan, including "charges in connection with Medically Necessary Gender Affirmation Treatment as long as you or a covered Dependent have obtained pre-determination from the Plan." Rudolph Dec. Ex. A at 41. Those covered expenses "include but are not limited to … Reconstructive and complementary procedures for body and face feminization and masculinization." *Id.* For those types of procedures, the Plan has a "Pre-Determination Process" that requires, among other items, a letter from a healthcare professional "recommending these services along with a diagnosis of gender dysphoria." *Id.* at 42.

Two pages later, the Plan lists twenty-eight specific types of reconstructive and complementary procedures that are covered if pre-determination is authorized (i.e., if a participant otherwise meets the procedural submission requirements noted above). *Id.* at 44. The Plan also contains several hyperlinks to access Aetna's underlying Clinical Policy Bulletin guidelines ("Aetna Guidelines"). *Id.* at 42. The Aetna Guidelines provide detailed background of Aetna's clinical criteria for medically necessary gender-affirming surgery for reconstructive and complementary procedures. Rudolph Dec. Ex. C. The Aetna Guidelines also list the types of procedures that are covered by procedure code. *Id*. Neither the Plan nor the underlying Aetna Guidelines identify clavicle shortening, scapular spine shaving, or rib remodeling as being covered under the Plan. *Id.*, Ex. A at 44; Ex. C.

### B.    Plaintiff's Claims.

Plaintiff is an employee of Meta and a participant in the Plan. Compl. ¶¶ 6-7. Plaintiff alleges that, on June 11, 2025, she submitted a "pre-authorization request for gender-affirming

surgical procedures" through her doctor, which included clavicle shortening, scapular spine shaving, and rib remodeling. *Id.* ¶ 10. She claims those procedures should be covered under the Plan based on general language that the Plan covers "reconstructive and complementary procedures for body and face feminization and masculinization." *Id.* ¶¶ 12-13.

Plaintiff's surgeon, Dr. Lief Rogers MD ("Dr. Rogers"), submitted her pre-determination request with a letter from Plaintiff's counselor, Ashely McQuown, LMHC. *Id.* ¶ 15. Plaintiff alleges that Dr. Rogers submitted her pre-determination request to Meritain, and that Meritain denied the request on June 18, 2025, because the three requested procedures are not covered under the Plan. *Id.* ¶¶ 16-18.

Dr. Rogers allegedly informed Plaintiff that her request was denied on August 6, 2025. *Id.* ¶ 22. Plaintiff claims she called Meritain on August 7, 2025 to determine the basis of the denial, but was told that the information could not be provided to her. *Id.* ¶ 23. Plaintiff alleges that Dr. Rogers then gave her a copy of the denial letter the following day, August 8, 2025. *Id.* ¶ 25. And while Plaintiff acknowledges that she was told that there is no right to appeal Meritain's decision to deny her pre-determination request, she claims that Dr. Rogers nonetheless submitted an appeal on August 8, 2025. *Id.* ¶ 26. Plaintiff alleges that she contacted Meritain after August 8 to obtain information about her "appeal" but did not receive any response. *Id.* ¶¶ 27-34.

Plaintiff asserts one claim for relief in her Complaint under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). *Id.* ¶¶ 42-48. Plaintiff claims that she is entitled to coverage for the three requested procedures, and Meritain's decision to deny her pre-determination request was incorrect and inconsistent with the Plan. *Id.* ¶¶ 43-47. Among other relief, Plaintiff seeks damages "in [sic] form of an approval of benefits requested under the Plan." *Id.* at Prayer, p. 8.

## III.     ARGUMENT

### A.     Plaintiff Lacks Article III Standing Because She Has Failed To Allege A Concrete Injury Or That She Has A Stake In The Outcome Of This Lawsuit.

Plaintiff's Complaint is properly dismissed under Federal Rule 12(b)(1) because Plaintiff

lacks Article III standing. *Arborwell, LLC v. Alerus Fin., N.A*., 2024 WL 3683337, at \*1 (N.D.

Cal. July 24, 2024) ("Defendants' Rule 12(b)(1) motions to dismiss the ERISA claims … for

lack of Article III standing are granted"); *Bagley v. KB Home*, 2008 WL 11340342, at \*3 (C.D.

Cal. Feb. 22, 2008) (dismissing claim "under Rule 12(b)(1) on the grounds that Plaintiffs lack

standing to sue under ERISA or Article III").

The "requirement that a claimant have standing is an essential and unchanging part of the

case-or-controversy requirement of Article III." *Davis v. Fed. Election Comm'n*, 554 U.S. 724,

733-34 (2008) (quotations omitted). To satisfy this requirement, Plaintiff must show (1) she

suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) the injury

was caused by the Plan; and (3) the injury would be redressed by judicial relief. *Thole v. U. S.

Bank N.A*, 590 U.S. 538, 540 (2020). Plaintiff cannot satisfy those elements. Meritain's denial of

Plaintiff's pre-determination request could not have injured her because Plaintiff had no right to

coverage for those three non-covered services to begin with. And, because Plaintiff has no right

to recover benefits for non-covered services, the outcome of this lawsuit will not benefit Plaintiff

at all because she cannot sue to re-write the terms of the Plan.

Plan sponsors, like Meta, have broad discretion regarding the types of benefits they

decide to provide to the Plan's participants.  That is because Congress left it "largely to the

private parties creating the plan" to "define[] the content of the benefit" participants are owed.

*Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 511 (1981). Here, the Plan includes a section

titled "Transgender Services" that generally describes services that are covered. Rudolph Dec.

Ex. A at 41-47. The Plan further describes the "Covered Expenses" under the Plan, which include "Reconstructive and complementary procedures for body and face feminization and masculinization." *Id.* at 41. Plaintiff believes the inquiry should end there, but the Plan then lists the *specific types* of services that fall within the category of "Reconstructive and Complementary Procedures" just two pages later. *Id.* at 44. Of the twenty-eight listed procedures, none of the procedures that Plaintiff requested—clavicle shortening, scapular spine shaving, and rib remodeling—are included. Compl. ¶ 10; Rudolph Dec. Ex. A at 44.

Additionally, the Plan contains several hyperlinks to Aetna's list of covered services at multiple locations in the "Transgender Services" section. Rudolph Dec. Ex. A at 42, Ex. C. The links not only provide detailed background about the basis for Aetna's medical necessity criteria, but the Aetna Guidelines also list the specific procedures that are covered under Aetna's criteria by procedure code. *Id.* at Ex. C. None of Plaintiff's three requested procedures are included on that list either. *Id.* Plaintiff, therefore, could not have been injured based on a decision to deny pre-determination for services that are not covered under the Plan because she has no entitlement to benefits for those non-covered services.

In sum, Plaintiff's conclusory allegations that the Plan violated its terms by denying her pre-determination request are "divorced from any concrete harm" and are, thus, not sufficient to demonstrate injury or Article III standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). And because there is no outcome in this case that could grant Plaintiff benefits that are not owed to her under the Plan, Plaintiff does not have Article III standing for the additional reason that she has no stake in the outcome of this case. *Thole*, 590 U.S. at 541 (plaintiff only has a "concrete stake in this lawsuit" if remedying the alleged violation would change her "monthly benefits" by at least a "penny"). Plaintiff, therefore, lacks Article III standing and her Complaint should be

dismissed under Federal Rule 12(b)(1). And because Plaintiff cannot cure these defects though amendment, her Complaint should be dismissed with prejudice. *Crowe v. Wogan*, 2004 WL 1900421, at *1 (D. Or. Aug. 25, 2004) ("Because plaintiff cannot cure this deficiency through amendment, the dismissal is with prejudice").

## B.    Federal Rule 12(b)(6) Also Requires Dismissal Of Plaintiffs' Complaint Because She Has Failed To State A Claim Under ERISA.

To survive a Rule 12(b)(6) motion, a complaint must state a claim that is "plausible" on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. But courts need not accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Foss v. Alspach*, 2023 WL 6845430, at *1 (W.D. Wash. Oct. 17, 2023) (citations omitted). The Complaint fails to satisfy these standards because conclusory allegations are all that Plaintiff offers.

To support her claim, Plaintiff alleges that the Plan provides: (1) a section titled "Transgender Services"; (2) that "Covered Expenses" include "reconstructive and complementary procedures for body and face feminization and masculinization"; and (3) certain procedural requirements that apply to requests for pre-determinations under the Plan for the covered services (which Plaintiff claims she satisfied). Compl. ¶¶ 12-14. Outside of that, Plaintiff presents only conclusory allegations that the requested services should be covered, without specifying *why* she believes that is true or what basis she has for making that claim under the Plan's terms. *See, e.g.,* Compl. ¶¶ 11 ("The requested services are covered under the Meta Health Plan"); 27 ("the policy language quoted above that grants coverage for the requested procedures"); 43 ("At the time her claim was made and at the present, Plaintiff is entitled to the

requested surgical benefits under the terms of the Meta Health Plan"); 44 ("Defendant failed to
approve benefits due under the terms of the Plan and this denial of benefits to Plaintiff
constitutes a breach of the Plan"). Those conclusory allegations are insufficient to state a claim
for benefits under ERISA § 502(a)(1)(B). *Smith v. Cigna Health & Life Ins. Co*., 2020 WL
5834786, at \*5 (D. Or. Sept. 30, 2020) (Simon, J.) (dismissing ERISA benefit claim because the
plaintiff "offers only conclusory allegations that [the defendant] has denied 'benefits due to
[him] under the plan'" and "the Court does not accept as true conclusory allegations").

    None of those allegations provide any actual support that the specific requested
procedures are covered under specific Plan terms, which renders them insufficient. *Id.* at \*4 ("the
lack of any specific reference to plan provisions which affords the benefits to which they contend
they are entitled warrants dismissal of [the plaintiffs'] denial-of-benefits ERISA claim"); *Harris
v. Garber*, 2024 WL 3202435, at \*2 (D. Nev. June 27, 2024) ("[a] plaintiff who brings a claim
for benefits under ERISA must identify a specific plan term that confers the benefit in question")
(citing *Stewart v. National Educ. Ass'n*, 404 F. Supp. 2d 122, 130 (D.D.C. 2005), *aff'd Stewart v.
National Educ. Ass'n*, 471 F.3d 169 (D.C. Cir. 2006)); *Simi Surgical Ctr., Inc v. Connecticut
Gen. Life Ins. Co*., 2018 WL 6332285, at \*2–3 (C.D. Cal. Jan. 4, 2018) ("Alleging that [the
defendant] has 'breached the terms and conditions of the health plans' … similarly falls short of
stating a claim without identifying the terms and conditions purportedly breached.").

    Dismissal is particularly appropriate here because the Plan expressly does *not* cover the
three requested services. Indeed, "[t]he Court may ... dismiss an action if the plaintiff is not
entitled to a benefit they seek under the ERISA-regulated plan." *Harris,* 2024 WL 3202435, at
\*2 (citing *Stewart*, 404 F. Supp. 2d at 130) (dismissing ERISA benefits claims because the
complaint "does not clearly identify a specific plan or a term that conferred benefits denied to

her"); *Wilson v. Cox*, 2015 WL 6123776, at *4 (D. Or. Oct. 16, 2015) (Simon, J.) (dismissing ERISA claim where the plaintiff "fail[ed] to state a claim for recovery of benefits because relief would be inconsistent with the terms of the Plan."); *A.H. v. Anthem Blue Cross*, 2023 WL 3819367, at *3 (N.D. Cal. June 5, 2023) ("Plaintiff has not plausibly alleged that she is entitled to benefits under the plan, and the Court therefore GRANTS the motion to dismiss the ERISA claim"); *Cox ex rel. Cox v. Reliance Standard Life Ins. Co*., 2013 WL 2156546, at *8 (E.D. Cal. May 17, 2013) ("A court may dismiss an action if the plaintiff is not entitled to the benefit the plaintiff seeks to redress under an ERISA regulated plan").

Whether Plaintiff is entitled to the relief she seeks in this case begins and ends with a review of the Plan's language. *CIGNA Corp. v. Amara*, 563 U.S. 421, 436 (2011) ("The statutory language speaks of '*enforc[ing]*' the 'terms of the plan,' not of changing them. 29 U.S.C. § 1132(a)(1)(B) (emphasis added)."). The Court shall interpret Plan terms "'in an ordinary and popular sense as would a [person] of average intelligence and experience.'" *Richardson v. Pension Plan of Bethlehem Steel Corp.*, 112 F.3d 982, 985 (9th Cir. 1997) (quoting *Evans v. Safeco Life Ins. Co.*, 916 F.2d 1437, 1441 (9th Cir. 1990)). Here, the three procedures that Plaintiff requested be pre-approved are not covered expenses. *See* Section III(A), *supra*. Again, Plaintiff cannot recover benefits that are not owed to her under the Plan, and her claim should be dismissed with prejudice on this separate basis. *Wilson*, 2015 WL 6123776, at *5 (dismissing ERISA benefit claim with prejudice because the relief sought "contradicts the express and unambiguous terms of the Plan, [and] no new information could support … recovery of benefits under Section 1132(a)(1)(B)."); *Anthem,* 2023 WL 3819367, at *3; *Cox*, 2013 WL 2156546, at *8; *Crowe*, 2004 WL 1900421, at *1.

**C.      Plaintiff Has No Right Of Action Based On Alleged Violations Of Regulatory Claims Procedures.**

Finally, to the extent Plaintiff claims she was injured by or has separately stated a claim based on an alleged procedural mishandling of her request for pre-determination and appeal (*see, e.g.,* Compl. at ¶¶ 18-21, 24, 28, 31-39), those allegations do not save her Complaint from dismissal because, baseless as they are, there is no private right of action for an alleged violation of ERISA's claims regulations under 29 C.F.R. § 2560.503-1(l). *See, e.g., Gagliano v. Reliance Standard Life Ins. Co*., 547 F.3d 230, 239-41 (4th Cir. 2008) (claim under 29 C.F.R. § 2560.503-1(h) for procedural ERISA violation could not create substantive remedy), *cert. denied,* 556 U.S. 1268 (2009); *Koman v. Reliance Standard Life Ins. Co. and Unifi, Inc*., 2022 WL 17607056, at *5 (M.D. N.C. Dec. 13, 2022) (dismissing claim for breach of compliance with claims procedures under ERISA on the grounds that 29 C.F.R. § 2560.503-1 does not authorize a private cause of action)).

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be dismissed, in its entirety, and with prejudice.

Dated: December 8, 2025                    Respectfully submitted,

                                          */s/ Damon Elder*
                                          Damon Elder, OSB 085313
                                          MORGAN, LEWIS & BOCKIUS LLP
                                          1301 Second Avenue, Suite 3000
                                          Seattle, WA 98101
                                          Tel:  +1.206.274.6400
                                          damon.elder@morganlewis.com

                                          *Attorneys for Defendant Meta Platforms, Inc.*
                                          *Health and Welfare Benefit Plan*